STEPHEN E. RONK (SBN: 164333)
LISA K. GARNER (SBN: 155554)
JENNIFER MARKS GHOZLAND (SBN: 236275)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: sronk@gordonrees.com
Email: lgarner@gordonrees.com
Email: jghozland@gordonrees.com

Attorneys for Defendant
LANDWIN MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>  Plaintiff, <br><br> vs. <br><br> LANDWIN MANAGEMENT, INC. d/b/a/ SAN GABRIEL HILTON, <br><br>  Defendant. | CASE NO. CV07-06169 SJO (AJWx) <br><br> Judge: S. James Otero <br> Courtroom: 880 <br><br> **DEFENDANT LANDWIN MANAGEMENT, INC.'S MOTION IN LIMINE No. 3 TO EXCLUDE THE EXPERT WITNESS REPORT OF CATHERINE A. BALIN;** <br><br> Pre-Trial Conf.: April 16, 2009 <br> Trial Date: April 28, 2009 |

Defendant Landwin Management, Inc. ("Defendant") hereby submits its Motion in Limine No. Three seeking an Order from this Court preventing Plaintiff, its witnesses, and counsel of record from mentioning, referring to, or attempting to introduce the Expert Witness Report of Catherine A. Balin.

## I. INTRODUCTION

Defendant Landwin Management, Inc. moves to exclude the Expert Witnes Report of Catherine A. Balin on the basis that her opinions deal with "standard of care" which is a negligence standard that is not applicable to a Title VII action of

1
DEFENDANT'S MOTION IN LIMINE NO. 3

national origin discrimination. At the recent telephonic status conference, this Court even cautioned the EEOC about this very opinion testimony.

The EEOC attempts to circumvent its burden under Title VII of proving intentional discrimination by Landwin Management, Inc. by introducing an Expert Witness Report that attempts to argue negligent hiring on the part of Landwin. The EEOC's attempts to introduce an expert report that discusses the "failure to appropriately expand its recruiting efforts" clearly goes toward a negligent analysis and an argument regarding standard of care. A negligent analysis is inappropriate in a disparate treatment action under Title VII, where the burden falls on the EEOC to prove **intentional** discrimination. Therefore, Landwin respectfully moves this Court *in limine*, before selection of the jury or commencement of the trial in this matter to issue an order *in limine* prohibiting all witnesses and attorneys for all parties from offering, introducing into evidence, or making any reference in the presence of jurors concerning the Expert Witness Report by Catherine A. Balin.

## II. LEGAL ARGUMENT

### A. The EEOC Has The Burden of Proving Intentional Discrimination in a Disparate Treatment Action

The EEOC brings the instant action under Title VII alleging that certain charging parties and class members were not hired or denied hours because of their national origin. "Disparate treatment" has been characterized as **intentional** discrimination against one or more persons on prohibited grounds. *International Brotherhood of Teamsters v. United States* (1977) 431 US 324, 335–336 (emphasis added). In a disparate treatment case, it must be shown that **intentional** discrimination was the "determinative factor" in the adverse employment action. *Hazen Paper Co. v. Biggins* (1993) 507 US 604, 610 (emphasis added). The key in a disparate treatment case is that the acts of the employer were **intentional.**

Even with regards to pattern and practice cases, as in disparate treatment cases generally, plaintiffs have the burden of persuading the trier of fact that the

1  employer **intentionally** discriminated against plaintiffs. Thus, in a class action
2  seeking to show a pattern or practice of disparate treatment, plaintiff must offer
3  evidence "adequate to create an inference that employment decisions were based
4  on an unlawful discriminatory criterion." *Segar v. Smith* (DC Cir. 1984) 738 F.2d
5  1249, 1267.

6      The EEOC attempts to circumvent their burden to prove intentional
7  discrimination by introducing an Expert Witness Report by Catherine Balin that
8  asserts **negligent** hiring practices on the part of Landwin.  The report discusses in
9  detail "the standard" for the recruitment process and "the standard" for lay-off and
10 rehiring of selected employees.  Any discussion regarding the standard for
11 recruitment can only go toward a showing of negligence in failing to follow such
12 protocol.  This is neither appropriate nor the relevant standard in a disparate
13 treatment case, and accordingly, such testimony would only serve to confuse a jury
14 and unnecessarily complicate the issues.

15 **B.**    **At Trial, the Ultimate Burden of Persuasion Remains with**
16        **Plaintiff to Prove Intentional Discrimination**

17     In this action, where there is no direct evidence of discrimination, the EEOC
18 must rely on indirect or circumstantial evidence, invoking the *McDonnell Douglas*
19 analysis.  First, plaintiff must establish a prima facie case of discrimination; The
20 burden of production then shifts to the employer to respond with a legitimate,
21 nondiscriminatory reason for its actions; and then, the burden shifts back to
22 plaintiff to establish that the employer's articulated reason was a "pretext" or
23 cover-up for unlawful discrimination. *McDonnell Douglas Corp. v. Green* 411
24 U.S. 792, 802–804 (1973).  At trial, the ultimate burden of persuasion remains with
25 plaintiff to prove that the "true" reason for the employer's adverse action was
26 intentional discrimination. *Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S.
27 133, 142 (2000); *see also St. Mary's Honor Ctr. v. Hicks* 509 U.S. 502, 507(1993).
28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

Moreover, where the claim of discrimination is a failure to hire, a prima facie case of race discrimination is shown by evidence that plaintiff belongs to a racial minority; plaintiff applied for and was qualified for a job for which the employer was seeking applicants; plaintiff was rejected despite his or her qualifications; and the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 802. This balancing test does not include a negligence analysis. The Expert Report at issue, however, attempts to argue that "*normal practice* is to engage in an objective re-evaluation process to identify the organization's staffing needs and then accommodate those needs" (emphasis added). This analysis has no relevancy in the instant action in proving intentional discrimination.

### C. The Expert Witness Report of Catherine Balin Contains Nothing More then Unfounded Opinions and Should be Excluded

Opinions are irrelevant and unreliable and should be excluded under Federal Rule of Evidence 401, 403, and 702 and in accordance with the Daubert evidence trilogy: *Daubert v. Merrell-Dow Pharms., Inc.*, 509 U.S. 579 (1993), *General Electric Co. v. Joiner*, 522 U.S. 136 (1998), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The Expert Witness Report of Catherine A. Balin contains exactly those unfounded opinions. Balin misstates what is at issue in this action by ignoring that the initial demographic and employee pool at issue in this matter were set up by Windor Capital Group. The employee pool used by Landwin was in fact the layoff pool from Windsor, not blind recruiting process as Ms. Balin's report insinuates. None of the Landwin employees have testified to any recruiting "process" that they were aware of.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court preclude Plaintiff, its attorneys or witnesses from making any reference to,

1 | suggestion, inference, innuendo, argument, or statement regarding all evidence of
2 | the Expert Witness Report of Catherine A. Balin.

Respectfully submitted,

GORDON & REES LLP

Dated: March 24, 2009

By: /s/ Lisa K. Garner
Stephen E. Ronk
Lisa K. Garner
Jennifer Marks Ghozland
Attorneys for Defendant
LANDWIN MANAGEMENT, INC.